■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PEART, Appellant. [925 NYS2d 35]—

Judgment, Supreme Court, Bronx County (Thomas A. Farber, J.), rendered January 17, 2007, convicting defendant, after a jury trial, of operating a motor vehicle while under the influence of alcohol (two counts) and criminal mischief in the fourth degree, and sentencing him to three years' probation and a $500 fine, unanimously affirmed.

Defendant did not preserve his challenge to the sufficiency of the evidence, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

This case turned on whether defendant was intoxicated at the time he was driving, as opposed to becoming intoxicated after driving. The police did not observe defendant driving a car. Instead, they arrested defendant about 40 minutes after his car struck several parked cars. At trial, defendant claimed that during the time between the accident and his arrest he went home and drank a substantial amount of alcohol. According to defendant, his blood alcohol content of .199% thus reflected his condition at the time he gave a breath sample, but not at the time he was driving. However, a witness testified that defendant showed signs of intoxication immediately after the accident, and the arresting officers testified that defendant admitted he had been drinking before he drove home. Accordingly, the evidence supports the conclusion that defendant was intoxicated when he was driving.

Defendant did not preserve any of his arguments concerning the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Nothing in the court's charge misled the jury or undermined defendant's theory of defense. The court properly charged as follows: "[E]vidence that the defendant operated a motor vehicle and that thereafter the defendant had .08 of one percent or more by weight of alcohol in his . . . blood permits, but does not require the inference that at the time of the operation of the motor vehicle the defendant had .08 percent or more by weight of alcohol in his . . . blood." The court made it clear that this was only a permissible inference, and that the burden of proving defendant's guilt beyond a reasonable doubt remained with the People. Concur—Gonzalez, P.J., Tom, Friedman, Catterson and Richter, JJ.